Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>FIRENZE L. CASASOS<br><br>    Debtor (s). | CASE NO.: 18-42378<br><br>CHAPTER 13<br><br>**OBJECTION TO CHAPTER 13 PLAN**<br><br>Judge: Roger L. Efremsky |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Casasos.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 9/15/2035 and is secured by a Deed of Trust on the subject property commonly known as 3629 Whitworth Drive, Dublin, CA 94568. The approximate amount in default was $259,748.27, as will be described in a Proof of Claim; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. MODIFICATION NOT POSSIBLE**

**1. The MMM Referral has not been initiated.**

Pursuant to the Local Rules and General Order 29, Debtor must apply for a referral to the MMM program to complete the modification review proposed in the Chapter 13 Plan. However, Debtor has not yet submitted the application for referral to the MMM program. The Plan cannot be confirmed because it is dependent upon a referral to the MMM program.

**2. A Modification is not feasible.**

Because of the Plan treatment provided for a referral to the MMM program, Secured Creditor completed a preliminary review of the loan. The approximate loan balance is $612,000 with a Broker's Price Opinion of $725,000. This balance and value would result in a cap modification, but Debtor does not have sufficient income to qualify for a cap modification. As such, a modification is not feasible. Therefore, the Plan cannot be confirmed.

2

18-42378
Objection to Plan

## B. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. As discussed above, Debtor will not qualify for a modification. As such, the Plan must cure the arrears owed to Secured Creditor. However, such a Plan would not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. The arrears owed to Secured Creditor are approximately $259,748.27. To cure the pre-petition arrearages of $259,748.27 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $4,329.14 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $3,320.55 per month for 60 months. For plan treatment where the arrears are cured, Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, a Plan that cures the arrears is not feasible.

## C. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $2,707.47. With this net income, Debtor does not have sufficient net income for the proposed plan payment. As such, the Plan is not feasible and not confirmable. Because Debtor does not qualify for a modification, the alternative treatment of curing the arrears is not feasible either. To cure the arrears, Debtor needs $4,329.14 per month in net income plus the mortgage payment plus the funds to cure the arrears of the other creditors. Thus, Debtor does not have sufficient net income for any Chapter 13 Plan, and the case should be dismissed under these circumstances.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions

of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: November 8, 2018     LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust, its successors and/or assignees

Kristin Zilberstein, Esq. (SBN: 200041)
Adam Thursby, Esq. (SBN: 318465)
Jennifer Bergh, Esq. (SBN: 305219)
Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Authorized Agent for Creditor
U.S. Bank Trust N.A., as Trustee of the Igloo Series III Trust, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA– OAKLAND DIVISION

| | |
|---|---|
| In Re: | ) CASE NO.: 18-42378 |
| | ) |
| Firenze L Casasos, | ) CHAPTER 13 |
| | ) |
| Debtors. | ) **CERTIFICATE OF SERVICE** |
| | ) |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On November 8, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Firenze L. Casasos<br>3629 Whitworth Drive<br>Dublin, CA 94568<br><br>**Debtor's Counsel**<br>Grech Legal<br>2000 Broadway St. #231<br>Redwood City, CA 94063 | **Trustee**<br>Martha G. Bronitsky<br>P.O. Box 5004<br>Hayward, CA 94540<br><br>**U.S. Trustee**<br>Office of the United States Trustee<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05-0153<br>San Francisco, CA 94102 |
|---|---|

__xx____(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　Executed on November 8, 2018 at Santa Ana, California

/*s / Krystle Miller*
Krystle Miller