Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 18-30954 |
| KENNETH DANIEL DILBECK | CHAPTER 13 |
| Debtor. | **OBJECTION TO CHAPTER 13 PLAN** |
| | Date: 11/21/2018<br>Time: 11:00 AM<br>Dept: 19 |
| | Judge: Hannah L. Blumenstiel |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Kenneth Daniel Dilbeck.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 2/22/2006 and is secured by a Deed of Trust on the subject property commonly known as 1471 Gaviota Ave., Long Beach CA 90813. As of 12/5/2017, the approximate amount in default was $27,431.83, as will be described in a Proof of Claim; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $20,841.01 while in fact the actual arrears owed are in the amount of $27,431.83. To cure the pre-petition arrearages of $27,431.83 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $457.20 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $2,800.00 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months. Therefore, the Plan is not feasible.

2

Objection to Plan

Case: 18-30954   Doc# 26   Filed: 10/11/18   Entered: 10/11/18 14:14:11   Page 2 of 8

18-30954

## B. DEBTOR'S PROPOSED CHAPTER 13 PLAN VIOLATES PROVISIONS OF THE FEDERAL BANKRUPTCY CODE AND 9TH CIRCUIT CASE LAW, AND THEREFORE SHOULD NOT BE CONFIRMED - DEBTOR IS REQUIRED TO MAKE EQUAL MONTHLY PAYMENTS TOWARDS THE SECURED CLAIM AMOUNT FOR THE FULL DURATION OF THE PLAN

The Ninth Circuit has determined that, "a Debtor may *not* use Section 506 in combination with Section 1322(b)(5) to reduce the secured claim and repay it over a period longer then the plan term." *In re Enewally*, 368 F.3d 1165, 1171 (9th Cir. 2004). In *Enewally*, a Chapter 13 Debtor filed an adversary complaint seeking a judgment to reduce the balance of Lender's secured claim and extend the terms of repayment beyond the life of the plan, while disposing of the unsecured balance through their confirmed Chapter 13 plan. The bankruptcy court granted summary judgment in favor of the Debtors thereby allowing the bifurcated loan to be paid over a term in excess of five years. The Creditor appealed this decision to the district court which reversed the bankruptcy court's decision. In response, Debtor's filed an appeal to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit held:

> "(1) Section 1322(b)(2) by itself does not permit the debtors to repay the secured claim over a period longer then the plan term; (2) a chapter 13 debtor may not invoke both a modification for a secured creditor's claim under Section 1322(b)(2) and the right to "cure and maintain" beyond the plan term as authorized under Section 1322(b)(5); and (3) a modification of secured debt under Chapter 13 must be accomplished in a manner consistent with Section 1322(b)(2). Therefore, a debtor may not use Section 506(a) in combination with Section 1322(b)(5) to reduce the secured claim and repay it over a period longer than the plan term."

Thus, the Ninth Circuit has clearly and unambiguously determined that a Chapter 13 Debtor who proposes to modify a loan under Section 506(a) must propose a plan that pays the full amount of the modified loan over the life of the plan, and the plan may not exceed five (5) years.

Furthermore, the Debtor must pay the creditor the secured value of the lien in equal installments over the life of the plan, and not, as Debtor proposes, pay $100 per month for 8

3

Case: 18-30954   Doc# 26   Filed: 10/11/18   Entered: 10/11/18 14:14:11   Page 3 of 8

18-30954
Objection to Plan

months, and then, hopefully pay the value of the secured lien at the end of the plan after an attempt to sell the property. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.,* 541 U.S. 465, 474 (U.S. 2004). Debtor's Plan does not offer payments to Secured Creditor, and therefore, would also not be in compliance with this requirement. Even more to the point, 11 U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount."

The Plan provides that Debtor will sell the subject property in approximately 8 months. However, he only intends to make $100 per month plan payments and the monthly mortgage payments in the meantime. As a result, Secured Creditor will have a minimal amount reduced off of the default when the sale is complete. Debtor's proposed plan terms are contrary to the law. Thus, the Plan is not feasible and cannot be confirmed.

### C. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to pay the full secured claim to Secured Creditor by selling the subject property within 8 months. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. First, it is not allowed for all the reasons stated above related to required equal monthly payments towards the secured claim value. Second, it is too speculative to just state that the Debtor will try to sell the properties in order to pay the secured claim.

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a speculative event in the future such as a sale or refinance. Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

First, it is unknown if the Debtor will be able to sell the subject property. Second, if Debtor is able to sell the property, it is unknown if he will receive an offer sufficient to pay the lien in full. When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." *In re Lindsey*, 183 B.R. 624, 627 (Bankr.D.Idaho 1995), quoting *In re Newton*, 161 B.R. 207, 217-18.

It is well established in the Ninth Circuit that an open-ended Chapter 13 Plan providing for the sale or refinancing of Debtor's property at some point over the term of the plan is un-confirmable, especially where there was no evidence, other than the schedules, as to the fair market value of the property or what the property could actually produce through a sale or refinance. *In re Proudfoot*, 144 B.R. 876 (9th Cir. B.A.P. 1992); *In re Gavia*, 24 B.R. 573 (9th Cir. B.A.P. 1982). Moreover, the Plan does not address what the Debtor proposes to do if she is unable to sell the subject Property. This provision puts the feasibility of the entire Plan in question since it is contingent upon a speculative event. Therefore, the Plan is not feasible.

### D. **A BALLOON PAYMENT UNDER THESE CIRCUMSTANCES IS NOT PERMITTED**

While courts have confirmed plans with balloon payments, they have not done so on terms so favorable to the debtor. *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1992), *In re Boulders on the River, Inc.*, 164 B.R. 99 (9th Cir. BAP 1994), and *In re Industry West Commerce Center LLC* (Case No. 10-10088; 9th Circ. BAP May 24, 2011). With the balloon payment, Secured Creditor bears all of the risk of the sale of the property rather than Debtor. Secured Creditor endures minimal payments while waiting for the subject property to sell. In 8 months, it is unknown where the real estate market could be especially in light of the fact that the news is reporting that the real estate market in California is in the beginnings of a correction. Values may be up, or they could drop dramatically as they did in 2008-2013. Such a balloon payment is not permitted. Therefore, the Plan cannot be confirmed.

### E. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $2,804.25. Based on the petition, Debtor does not have sufficient net income to increase the plan payment to cure the arrears owed to Secured Creditor. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed under these circumstances.

### CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: October 11, 2018  LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and/or assignees

Kristin Zilberstein, Esq. (SBN: 200041)
Adam Thursby, Esq. (SBN: 318465)
Jennifer Bergh, Esq. (SBN: 305219)
Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Authorized Agent for Creditor
U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA– SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 18-30954 |
| Kenneth Daniel Dilbeck, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On October 11, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Kenneth Daniel Dilbeck<br>850 Jones Street<br>San Francisco, CA 94109 | **Trustee**<br>David Burchard<br>P.O. Box 8059<br>Foster City, CA 94404 |
|---|---|
| **Debtor's Counsel**<br>Brent D. Meyer<br>Meyer Law Group, LLP<br>268 Bush St. #3639<br>San Francisco, CA 94104 | **U.S. Trustee**<br>Office of the U.S. Trustee / SF<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05-0153<br>San Francisco, CA 94102 |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 11, 2018 at Santa Ana, California

/*s / Krystle Miller*
Krystle Miller

2