Michael H. Meyer (CA SBN 82336)
Brent D. Meyer (CA SBN 266152)
MEYER LAW GROUP LLP
268 Bush Street #3639
San Francisco, CA 94104
Phone: (415) 765-1588
Fax:     (415) 762-5277
(michael@meyerllp.com)
(brent@meyerllp.com)

Attorneys for Debtor
KEVIN VICTOR MONTAGUE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>KEVIN VICTOR MONTAGUE,<br><br>Debtor. | BK Case No.: 18-30096-DM<br><br>Chapter 13<br><br>**MOTION TO REQUIRE SECURED CREDITOR TO PAY ATTORNEY'S FEES AND COSTS**<br><br>Date:      August 15, 2018<br>Time:     1:10 p.m.<br>Location: 450 Golden Gate Avenue<br>             Courtroom 17 (16th Floor)<br>             San Francisco, California 94102<br>Judge:    Honorable Dennis Montali |

Debtor Kevin V. Montague ("Debtor") hereby moves (the "Motion") the Court for entry of an order requiring secured creditors U.S. Bank, N.A. and Wilmington Savings Fund Society, FSB (collectively, the "Secured Creditor") to pay certain attorney's fees and costs that were incurred in connection with the successful defense of the Debtor against efforts by the Secured Creditor to enforce the terms of a prepetition contract between the Debtor and the Secured Creditor pursuant to California Civil Code § 1717 in the above-captioned matter.

The Motion is based upon the Notice of Motion, this Motion and the supporting

Memorandum of Points and Authorities set forth below, the supporting Declaration of counsel Brent D. Meyer ("Meyer Decl.") and all attachments thereto, the Request for Judicial Notice ("RJN") and all attachments thereto, all other pleadings on file herein, and such other and further arguments and authority as may be presented at a hearing on the Motion.

## I. BACKGROUND FACTS

On December 20, 2006, the Debtor entered into a Fixed Rate Mortgage Note Pick-A-Payment Loan (the "Promissory Note") with World Savings Bank, FSB. See RJN ¶ 3, Exh. C. The original principal balance of the loan was $437,000 with an interest rate of 6.95%. Id. The Promissory Note is governed by Federal law[1] (¶ 12) and obligates the Debtor to pay the Secured Creditor "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law … [t]hose expenses may include, for example, reasonable attorneys' fees and court costs" (¶ 7(E)). Id.

On January 26, 2018, the Debtor filed a Chapter 13 bankruptcy petition before this Court. See Dkt. No. 1. In an effort to collect amounts owed under the Promissory Note, U.S. Bank, N.A. ("U.S. Bank") filed a proof of claim with this Court, attaching the Promissory Note as an exhibit and asserting a secured claim of $656,169.12, with pre-petition arrears of $179,538.57 (the "Pre-Petition Arrears"), and an on-going contractual payment of $3,075.84 that was due immediately prior to the Petition Date (January 26, 2018). See RJN ¶ 3, Exh. C. The Debtor's Chapter 13 plan (filed along with her petition and subsequently amended) proposed for payment of the Pre-Petition Arrears in the amount of $100 for twelve (12) months, and $180,705.92 in month 13 (February 2019). Id. at ¶ 1, Exh. A.

U.S. Bank objected to this treatment, and asserted three primary arguments: (1) the payment of the Pre-Petition Arrears was not a prompt cure as required by section 1322(b)(5); (2) the on-going contractual payment set forth in the Chapter 13 Plan was not the correct amount required to be paid pursuant to the Promissory Note; and (3) the Chapter 13 Plan violated the

---

[1] "California has a fundamental policy disfavoring non-reciprocal attorney's fees clauses in litigation in its state courts," and under any choice-of-law analysis in this matter, the Debtor would be entitled to the protections set forth in California Civil Code section 1717. See First Intercontinental Bank v. Ahn, 798 F.3d 1149 (9th Cir. 2015).

anti-modification provisions of section 1322(b)(2) (the "Objection").  See RJN ¶ 2, Exh. B.

At hearing on the matter, the Court rejected each of the arguments advanced by U.S. Bank,[2] summarily overruled the Objection [Dkt. No. 29] and confirmed the Chapter 13 Plan [Dkt. No. 31], without the need for additional briefing or an evidentiary hearing, as the record did not support any of the arguments in the Objection.

The Debtor now requests that the Secured Creditor pay reasonable attorney's fees in the amount of $2,998.07 and reimbursements of costs in the amount of $ 72.34 (the "Requested Amounts"), which were proximately related to litigation to enforce the terms of the Promissory Note in this matter.  See Meyer Decl. ¶ 11, Exh. B.

## II. LEGAL ARGUMENT

For purposes of any contract governed by California law, such as the Promissory Note, section 1717 of the California Civil Code renders a provision requiring the payment of one party's attorneys' fees bilateral as a matter of law:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ***whether he or she is the party specified in the contract or not***, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added).  See generally ABF Capital Corp. v. Grove Props. Co., 23 Cal. Rptr. 3d 803, 810-11 (Ct. App. 2005) (discussing California's "fundamental policy concerning the reciprocity of attorney fee provisions in contracts," which is "mandatory, unavoidable and emphatic" and "represents a basic and fundamental policy choice by the state of California that nonreciprocal attorney's fees contractual provisions create reciprocal rights to

---

[2] On May 17, 2018, Wilmington Savings Fund Society, FSB filed a Transfer of Claim with respect to the proof of claim [Claim No. 5-1] filed by U.S. Bank.  See Dkt. No. 18.  Thereafter, approximately 2 hours prior to the hearing, a Substitution of Attorney was filed, whereby counsel for U.S. Bank (Dane Exnowski) was replaced by counsel for Wilmington Savings Fund Society, FSB (Kristin Zilberstein).  See Dkt. No. 26.  However, at the hearing on June 20, 2018, Wilmington Savings Fund Society, FSB continued to advance the exact same arguments set forth by U.S. Bank in the Objection, and for purposes of this Motion, U.S. Bank and Wilmington Savings Fund Society, FSB will collectively be referred to as the "Secured Creditor."

BK CASE NO. 18-30096-DM — - 3 - — MOTION TO REQUIRE SECURED CREDITOR TO PAY ATTORNEY'S FEES AND COSTS
Case: 18-30096    Doc# 33    Filed: 07/10/18    Entered: 07/10/18 15:10:21    Page 3 of 8

such fees").

There can be no credible dispute that this default rule is triggered here as a result of the Promissory Note's broad language unilaterally obligating the Debtor to pay the Secured Creditor "all of its costs and expenses in enforcing this Note … include[ing], for example, reasonable attorneys' fees and court costs." See RJN ¶ 3, Ex. C. Indeed, in the context of a residential home loan, the Debtor is precisely the sort of person section 1717 is designed to protect. See Coast Bank v. Holmes, 97 Cal. Rptr. 30, 39-40 & n.3 (Ct. App. 1971) (explaining how section 1717 "is part of an overall legislative policy designed to enable consumers and others who may be in a disadvantageous contractual bargaining position to protect their rights," which is needed because "parties with superior bargaining power, especially in 'adhesion' type contracts, customarily include attorney fee clauses for their own benefit").

California Civil Code section 1717(b) provides that the Court, upon a noticed motion, "shall determine who is the party prevailing on the contract for purposes of" creating an entitlement to the payment of reasonable attorneys' fees and costs. See Cal. Civil Code § 1717(b). As detailed below, the Debtor is the party prevailing on the contract in his disputes with the Secured Creditor, and all of the Requested Amounts are reasonable under the circumstances of this matter.

**A.     Debtor is the Prevailing Party in this Dispute Regarding the Promissory Note**

The Debtor unquestionably is the "prevailing party" in litigation with the Secured Creditor in this matter. In the Objection, Secured Creditor asserted three separate objections to confirmation of Debtor's Plan. See RJN ¶ 2, Exh. B. At the preliminary hearing, the Court summarily denied each of the three objections asserted by Secured Creditor, and confirmed Debtor's Plan without the need for supplemental briefing or an evidentiary hearing. There is no credible basis for the Secured Creditor to suggest that anyone other than the Debtor is the prevailing party at the conclusion of this lengthy process. See Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (explaining that although the "prevailing party" analysis should be performed in a holistic, "substance over form" fashion, such a granular approach is unnecessary "when one party obtains a 'simple, unqualified win' on the single contract claim presented by the action").

For purposes of the reciprocal right California Civil Code section 1717 creates, litigation incident to the Secured Creditor's continuing attempts to collect on the proof of claim it filed in the Debtor's bankruptcy case qualifies as the requisite "action on a contract." See In re Eastview Estates II, 713 F.2d 443, 451-52 (9th Cir. 1983); In re Sparkman, 703 F.2d 1097, 1100 (9th Cir. 1983). Indeed, the Ninth Circuit has explained that the statute applies "as long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit," In re Baroff, 105 F.3d 439, 442-43 (9th Cir. 1997), which is the case here: the Secured Creditor's proof of claim "involves" the Promissory Note (because it arises on account of the Promissory Note), and the Promissory Note's broad and generalized "enforcement" language means that the Secured Creditor could have claimed an entitlement to attorneys' fees from the Debtor had the Secured Creditor prevailed on the Objection. See also, Countrywide Home Loans, Inc. v. Hoopai (In re Hoopai), 581 F.3d 1090, 1101-03 (9th Cir. 2009) (applying analogous Hawaii statute to allow chapter 13 debtor to recover reciprocal attorneys' fees for bankruptcy-related litigation with secured lender).

Simply put, the unnecessary and meritless litigation pursued by the Secured Creditor was indisputably an attempt to "enforce" the indebtedness created by the Promissory Note, which triggers the Promissory Note's fee provision. See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 449-56 (2007); Chinese Yellow Pages Co. v. Chinese Overseas Mktg. Serv. Corp., 88 Cal. Rptr. 3d 250, 261-64 (Ct. App. 2008); see also In re Penrod, 802 F.3d 1084, 1088 (9th Cir. 2015) ("[Secured creditor] sought to enforce the provisions of its contract with [the debtor] when it objected to confirmation of [debtor's] proposed Chapter 13 plan."). Sauce for the goose is sauce for the gander under California Civil Code section 1717.

The Court should find that the Debtor is "the party prevailing on the contract" in the Debtor's litigation with the Secured Creditor and, pursuant to the Promissory Note and California Civil Code section 1717, award reasonable fees and costs incurred in connection with the litigation of the Objection before this Court.

**B.** **The Requested Amounts are Reasonable and Chargeable to Secured Creditor**

The methodology courts use to determine a "reasonable" fee for purposes of California

Civil Code section 1717 is similar to the well-established compensation standards under Bankruptcy Code section 330:

> In California, as in federal court, reasonable attorneys' fees are typically determined using the lodestar method. The lodestar is determined by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. The reasonable hourly rate is that prevailing in the community for similar work. After the trial court has performed the calculations of the lodestar, it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure. In awarding fees, the court should also consider the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.

Signatures Network v. Estefan, No. 03-4796, 2005 U.S. Dist. LEXIS 1016, at *6-7 (N.D. Cal. Jan. 24, 2005) (citations and quotation marks omitted); *accord* Law Offices of David A. Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 598 (9th Cir. 2006) (explaining that the "lodestar" approach is "[t]he customary method for assessing an attorney's fee application in bankruptcy"). Here, the pertinent factors demonstrate the reasonableness of all the Requested Amounts.

First, the requested compensation for the Debtor's attorney is at his customary hourly rate. See Meyer Decl. ¶ 12. This is the prevailing rate that Meyer Law Group, LLP sets for its respective debtor and non-debtor engagements after considering hourly rates charged by competitor firms for similar work. Id. The rates are therefore subject to an ongoing market test, pursuant to which arms' length clients willingly pay the firm's customary hourly rates. Consistent with the lodestar method, the attached billing statement specifies the work performed in hourly units and then multiplies the time devoted to services times the applicable professional's hourly rate.

Second, the quality of the services provided and the results that have been achieved more than justify allowance of the amounts requested. Despite an equity cushion in the collateral more than $350,000, and the fact that the Debtor was current with all post-petition payments, the Secured Creditor attempted to thwart confirmation of the Chapter 13 Plan and force the Chapter 13 Trustee to pay it more on a monthly basis than is required by Federal Rule of Bankruptcy



Procedure 3002.1(b) and Section 3.07(b)(2)(B) of the confirmed Chapter 13 Plan.

Third, the attorney who rendered services on the Debtor's behalf is highly educated, skilled, and accomplished bankruptcy attorney, as demonstrated by the qualification summary attached to the declaration. See Meyer Decl. ¶ 10. Mr. Meyer is an experienced chapter 13 practitioner before this Court, and among other things, has assisted with the drafting of the Model Chapter 13 Plan in use in this District, the provisions of which constituted part of the Objection raised by the Secured Creditor. Thus, all of the legal services rendered on the Debtor's behalf have been performed by an attorney with a high level of skill in the areas for which they have been employed. Such experience and expertise enabled the Debtor's disputes with the Secured Creditor to progress in an efficient manner and to reach a successful result.

Fourth, Meyer Law Group, LLP worked in an efficient fashion and already reduced the Requested Amounts from the theoretical maximum amounts that could be requested. For example, in an effort to reduce costs associated with the resolving the Objection, the Debtor did not propound discovery on the Secured Creditor, and also submitted on the record to resolve the Objection, dispensing with the need for an evidentiary hearing and protracted litigation. Further, a cursory review of the attached invoice reveals that counsel did not bill substantial amounts for the litigation, and provided a courtesy discount of twenty-five percent (25.00%) for all legal services on the final bill. Thus, the Requested Amounts include discounts that have already been applied in the exercise of the firm's billing discretion.

In summary, the Requested Amounts are reasonable and appropriate under California Civil Code section 1717. See In re Hoopai, No. 04-02511, 2010 Bankr. LEXIS 117, at *10 (Bankr. D. Haw. Jan. 4, 2010) (finding debtor's attorneys' fees to be reasonable under Hawaii's analog to section 1717 after "considering (among other relevant factors) the long odyssey of this case through this court and the appellate courts [and] the fact that counsel succeeded against long odds and heavy opposition").

### C. The Court Should Order Payment of Amounts Associated with this Motion

Under California law, the party who is the prevailing party under section 1717 is entitled to be paid reasonable attorneys' fees not only for the underlying litigation, but also for its efforts

to obtain and collect on a fee award from the opposing side (so-called "fees on fees"). See Bruckman v. Parliament Escrow Corp., 235 Cal. Rptr. 813, 819 (Ct. App. 1987); *accord* In re Hoopai, 2010 Bankr. LEXIS 117, at *8-9 (awarding debtor attorneys' fees incurred "prosecuting a fee request" against debtor's lender pursuant to Hawaii's analog to section 1717).

Here, the Bankruptcy Code and the Local Rules do not provide the Debtor with a streamline process to obtain an award of attorney's fee as the prevailing party, whereas if the Secured Creditor was the prevailing party, it could have sought payment of fees and costs by simply filing a Notice of Fees, Expenses, and Charges pursuant to Federal Rule of Bankruptcy Procedure 3002.1(c). Accordingly, the Court's order should award reasonable amounts incurred in connection with the preparation and prosecution of this Motion and related collection efforts (including through entry of a final judgment should the Secured Creditor pursue any subsequent appeals), as this is the only avenue available to the Debtor to collect fees and costs as the prevailing party. Counsel will provide an estimate of the additional amounts with supporting detail at or prior to the hearing on the Motion.

### III. CONCLUSION

Based on foregoing, the Debtor respectfully requests that the Court grant the Motion and enter an order: (a) holding that the Debtor is the "party prevailing on the contract" for purposes of California Civil Code § 1717; (b) requiring the Secured Creditor to pay the Requested Amounts; (c) requiring the Secured Creditor to pay all additional amounts incurred in the prosecution of this Motion and in related collection efforts; and (d) granting such other and further relief as may be appropriate or warranted under the circumstances.

Dated: July 10, 2018                        MEYER LAW GROUP LLP

                                            By: /s/ BRENT D. MEYER
                                                Michael H. Meyer
                                                Brent D. Meyer
                                                Attorneys for Debtor
                                                KEVIN VICTOR MONTAGUE

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104

BK CASE NO. 18-30096-DM

- 8 -

MOTION TO REQUIRE SECURED CREDITOR TO PAY ATTORNEY'S FEES AND COSTS

Case: 18-30096   Doc# 33   Filed: 07/10/18   Entered: 07/10/18 15:10:21   Page 8 of 8