MUFTHIHA SABARATNAM, ESQ. (State Bar No. 162982)
Law Offices of Mufthiha Sabaratnam
1300 Clay St. #600
Oakland, CA 94612
Tel:(510) 205-0986
Fax : (510)225-2417
Email: mufti@taxandbklaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND

| | |
|---|---|
| In Re: | **Case Number:** 18-41099 WJL |
| | Chapter 11 |
| **Marc Protenic** | **OBJECTIONS TO CLAIM**, OF |
| **Dena Protenic** | **BOSCO CREDIT, LLC, CLAIM #3** |
| | DATE: December 5, 2018 |
| | TIM E: 10.30 a.m. |
| | CTRM: 220 |
| Debtors. | 1300 Clay Street |
| | Oakland, CA 94612 |
| | Hon. W.J. Lafferty |

**TO: CREDITOR, BOSCO Credit, LLC, OFFICE OF THE UNITED STATES TRUSTEE AND INTERESTED PARTIES:**

Debtors, **Marc and Dena Protenic**, Debtors in this Chapter 11 filing, object to the Proof of Claim ( the "Claim Objection") of BOSCO Credit LLC.("Claimant" or "Bosco") on the following basis:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.** **General Background**

PROTENIC-OBJECTION TO BOSCO POC

1. **Marc and Dena Protenic**, (hereinafter "Debtors") commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq. **on May 9, 2018.**

B.  **BOSCO CREDIT LLC**( hereinafter "Bosco")

2. Claimant, Bosco has filed a Proof of Claim, Claim 3 (Claim filed on 6/29/2018("Claim" or "POC") . (See **true and correct copy of Claim attached as Exhibit "1"** to Declaration of Debtor ).

3. The Proof of Claim lists a secured claim of $274,496.88 on page 2 of the POC. The security for the debt is listed as real property located at **22 Centennial Way, San Ramon, CA 94583.** This piece of property was foreclosed upon by the first trust deed holder, in a non judicial foreclosure. Bosco Credit is the holder of the second deed of trust

C.  **Debtors Schedules:**

4.  Debtor does not own any real property.

5. Personal property listed in Schedule A/B , totals $7100.

6. IRS has a lien on all the personal property Debtors' own.

7. The personal property is otherwise unencumbered.

8. Attached as Exhibit "2"are true and correct copies of Schedule A/B as filed with the petition, to the Marc Protenic Declaration.

9. The bankruptcy estate does not own the security for the debt.

## II.

## ARGUMENT AND APPLICABLE LAW.

A.  **APPLICABLE LEGAL AUTHORITY.**

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(c) of the F.R.B.P. provides that "[w]hen a claim ... is based on a writing, the original or duplicate shall be filed with the proof of claim."

PROTENIC-OBJECTION TO BOSCO POC       - 2 -
Case: 18-41099    Doc# 39    Filed: 10/25/18    Entered: 10/25/18 08:59:54    Page 2 of 7

Pursuant to Bankruptcy Code § 502, the Court must determine the allowance or disallowance of claims after an objection is made. Specifically, § 502(a) and (b) provide, in relevant part:

(a) A claim or interest, proof of which is filed under section 501of this title, is deemed allowed unless a party in interest ... objects.

(b) . . . [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United Sates as of the date of the filing of the petition... [11 U.S.C. § 502(a) and (b)].

F.R.B.P. 3007 provides, in relevant part:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Although F.R.B.P 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim," this presumption of a claim's validity does not arise if the claim itself does not set forth the necessary facts to establish the claim.

In **Wright v. Holm** (In re Holm), 931 F.2d 620, 623 (9th Cir.1991), the Ninth Circuit succinctly set forth the burden of proof applicable to a party filing a proof of claim, as well as the burden of proof applicable to a party objecting to the claim. In Holm, the Ninth Circuit stated the parties' respective burdens of proof to be as follows:

> In as much as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim

PROTENIC-OBJECTION TO BOSCO POC — - 3 -

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

by probative force equal to that of the allegations of the proofs of claim themselves. But the ultimate burden of persuasion is always on the claimant.

(Underline added). [Id. at 623].

More recently, the Bankruptcy _Appellate Panel of the Ninth Circuit stated the applicable burdens of proof as follows:

> The burden of proof for claims brought in the bankruptcy court under II U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. ... If the objector produces sufficient evidence to negate one of more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant.

(Italics in original; Underline added).

**Ashford v. Consolidated Pioneer Mortgage** (In re Consolidated Pioneer Mortgage), 178 B.R.222,226 (9th Cir. BAP 1995), quoting In re Alleghene International Inc., 954 F.2d 167, 173-174 (3rd Cir. 1992); see also, **In re Heath**, 331 B.R. 424 (9th Cir. BAP 2005) (explaining that a claim that fails to attach supporting documentation is not entitled to be considered as prima facie evidence of validity and amount of the claim).

An alleged creditor has an obligation to respond to requests for information supporting the creditor's filed proof of claim. Heath at 436. Thereafter, if the creditor "does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim." Id. at 437 (citing and quoting **In re Shank**, 315 B.R. 799, 816 (Bankr. N.D. Ga. 2004) for the proposition that a "creditor who fails to provide supporting documentation 'may well find itself with a disallowed claim'"). Thus, if a party "requires documentation to make a good faith inquiry into the existence or amount of any liability

1 and a claimant refuses a legitimate request to produce it, an objection that asserts her good faith
2 challenge and requests disallowance of the claim due to inadequate documentation would be
3 appropriate and could well result in entry of an order disallowing the claim ... ."Id.
4 (quoting Shank at 815).

**B. BASED ON SCHEDULES FILED THE BANKRUPTCY ESTATE DOES NOT OWN THE ASSET CLAIMED TO BE SECURITY FOR THE DEBT.**

**The POC specifically sets forth the asset securing the debt. The asset,** real property located at **22 Centennial Way, San Ramon, CA 94583,**, is not a part of the bankruptcy estate.

**11 USCS § 506 addresses secured status.**

§ 506. Determination of secured status

(a) (1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title [11 USCS § 553], is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(2) If the debtor is an individual in a case under chapter 7 or 13 [11 USCS §§ 701 et seq. or 1301 et seq.], such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

The asset securing the debt is not property of the estate. **This claim is NOT a secured Claim.**

Law Offices of Mufthiha Sabaratnam
1300 Clay Street, Suite 600
Oakland, CA 94612

# III.

## A CREDITOR, AFTER RESORTING TO FORECLOSURE UNDER A POWER OF SALE IN A DEED OF TRUST, IS NOT ENTITLED TO PURSUE THE PRINCIPAL OBLIGORS FOR A DEFICIENCY

A creditor, after resorting to foreclosure under a power of sale in a deed of trust, is not entitled to pursue the principal obligors for a deficiency. **Union Bank v. Dorn** (Cal. App. 2d Dist. Sept. 6, 1967), 254 Cal. App. 2d 157, 61 Cal. Rptr. 893, 1967 Cal. App. LEXIS 1376

**There are a line of cases that follow this holding.**

This section and §§ 580–580c, 726 indicate a legislative intent to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security. **Freedland v. Greco** (Cal. Nov. 4, 1955), 45 Cal. 2d 462, 289 P.2d 463, 1955 Cal. LEXIS 336

This section and CCP § 580b have to do solely with actions for recovery of deficiency judgments on the principal obligation after sale under a trust deed, as distinguished from an indorser's obligation; thus the only person coming within the protective provisions of these sections is the principal debtor. **Stephenson v. Lawn** (Cal. App. 3d Dist. Dec. 2, 1957), 155 Cal. App. 2d 669, 318 P.2d 132, 1957 Cal. App. LEXIS 1340.

The provisions of this section are designed and intended to implement a statutory public policy ordained to protect debtors as a class against deficiency judgments in foreclosures. **Bank of Am. Nat. Trust & Sav. Ass'n v. United States** (S.D. Cal. June 10, 1949), 84 F. Supp. 387, 1949 U.S. Dist. LEXIS 2664.Cal Code Civ Proc § 580d.

This section and §§ 580–580c, 726 indicate a legislative intent to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security. **Freedland v. Greco** (Cal. Nov. 4, 1955), 45 Cal. 2d 462, 289 P.2d 463, 1955 Cal. LEXIS 336**.**

**Bosco cannot recover on the debt more than the value of the security. This Claim is not supported by property of the estate, and the legislative intent is to limit strictly the right to recover deficiency judgements on debts more than the value of the security. Marc Protenic is the principal Debtor.**

## IV.
## CONCLUSION

In light of the foregoing facts, BOSCO CREDIT, LLC's Proof of Claim is not a Secured Claim and Creditor Bosco cannot recover deficiency judgment on debts more than the value of the security. Bosco Credit's Proof of Claim should be dis-allowed in its entirety.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Sustaining the Objection to Claim of BOSCO CREDIT, LLC as stated above;
2. For such other and further relief as the Court may deem just and proper

DATE: October 24, 2018            Respectfully Submitted,

Law Offices of Mufthiha Sabaratnam

/s/Mufthiha Sabaratnam, Esq.
Counsel for Debtors