# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| In Re.: | Case No.: 12-51207 ASW |
|---|---|
| Manuel Joseph Garcia, Jr. | 1st Amended CHAPTER 13 PLAN |
| Debtor | |

1. The future earning of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of $ <u>750.00</u> each month. Initial attorney's fees are requested in the amount of <u>$6,500</u>.

   _____ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   a. On allowed claims for expenses of administration required by 11 U.S.C. §507(a)(2) in deferred payments.

   b. On allowed secured claims, which shall be treated and valued as follows:

   | NAME | Value of Collateral | Estimated Mortgage Lease/Arrears | Adequate Protection Payment | Interest Rate |
   |---|---|---|---|---|
   | **Chase (auto loan)** | $26,115 | 0.00 | $683.00 | 7.99% |

   [The valuation shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provision of paragraph 2(d).]

   c. On allowed priority unsecured claims in the order prescribed by 11 U.S.C. §507.

   d. On allowed general unsecured claims as follows:

   ____ at a rate of ____ cents on the dollar. The estimated term of the plan is <u>60</u> months. (Percentage Plan).

   <u>X</u> the sum of <u>$45,000.00</u> payable over <u>60</u> months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in paragraph 1 as necessary to pay all allowed

Rev 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by Wordperfect, Word or other word processing Program.)

Case: 12-51207    Doc# 40    Filed: 01/22/13    Entered: 01/22/13 15:17:31    Page 1 of 6

administrative, secured and priority unsecured claims. (Pot Plan).

3. The Debtor(s) elect to reject the following executor contracts or lease and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The Debtor waives the protections of the automatic stay provided in 11 U.S.C. §362 and consents to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).

| **Name of Creditor** | **Description** |
|---|---|
| **NONE** | |

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

| **NAME** | **Monthly Payment** |
|---|---|
| **Bank of America, N.A.** | $3,811 (contractual amount) or a loan modified amount agreed to by both lender and debtor |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   _____ revest in the Debtor(s) at such time as a discharge is granted or the case is dismissed.
   \_\_\_X\_\_\_ revest in the Debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The Debtor(s) further purpose pursuant to 11 U.S.C. §1322(b):

   The debtor will file a motion to avoid the junior lien held by **E*TRADE** (**#6751**) on the real property located at **8933 Ironbark Street, Gilroy, California 95020**. The Trustee shall make disbursements to the creditor pursuant to Section 2(d).

   See attached for full legal descriptions.

   The debtor is applying for a loan modification. Neither the debtor nor the trustee shall disburse on the arrears owed to **Bank of America, N.A. (#1648).** If the loan modification is denied, the

Rev 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by Wordperfect, Word or other word processing Program.)

Case: 12-51207    Doc# 40    Filed: 01/22/13    Entered: 01/22/13 15:17:31    Page 2 of 6

terms shall revert back to the original loan agreement.  In that event, the debtor will amend the plan or file a modification to pay the arrears through the plan.

Notwithstanding section 2(d), general unsecured creditors will receive no less than $1,312.55.

Dated: 01-22-2013   /s/ Manuel J. Garcia, Jr.
**Manuel J. Garcia, Jr., Debtor**

I, the undersigned, am the attorney for the above-named Debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: 01-22-2013   /s/ Caroline M. Reebs
**Attorney for Debtor**

Rev 04/06 (This certification must be signed for any Model Chapter 13 Plan generated by Wordperfect, Word or other word processing Program.)

Case: 12-51207    Doc# 40    Filed: 01/22/13    Entered: 01/22/13 15:17:31    Page 3 of 6

**Description:**

**The land referred to herein is situated in the State of California, County of Santa Clara, City of Gilroy, and is described as follows:**

LOT 32, AS SHOWN ON THE MAP OF TRACT 9201, FILED JUNE 23, 2000 IN BOOK 729 OF MAPS, PAGES 1-18, SANTA CLARA COUNTY RECORDS.

APN: 783-65-007

Order No.: 56901-09201032-JAG

## *Notice to Creditors Regarding Plan Provisions*

**Binding Effect of the Plan:** The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation:** If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment:** The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim:** To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney, or, if not represented by an attorney, the debtor.

**Distribution of Funds:** Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments, contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under § 507 will be made in their order of priority. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims:** The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments:** Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

UNITED STATES BANKRUPTCY COURT
*for the*
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

## Order Establishing Procedures for Objection to Confirmation

1. **Hearing Date, Time and Place**: If an objection to confirmation is filed, a PREHEARING CONFERENCE will be held at the date and time announced at the initial confirmation hearing. Parties may confirm the date by checking the minute order on the court's docket, which indicates "Hearing Continued" in reference to the confirmation hearing. Individuals not represented by counsel may also contact the trustee to learn the continued date.

2. **Procedures for Early Resolution**: As soon as the objection is resolved, counsel for the debtor is to prepare and forward to the trustee a statement of resolution, which the trustee will set on the court's earliest available calendar.

3. **Procedures for Prehearing Conference**: Each party objecting to confirmation and counsel for the debtor are ordered to confer regarding resolution of the objection. Debtor's counsel, or the debtor if unrepresented, must contact the objecting party within ten days of receipt of the objection in a good faith effort to resolve the objection. At least 14 calendar days prior to the prehearing conference and each continued hearing, counsel for the debtor must file and serve a prehearing statement with the court indicating:
   a. The date the objection was filed, the date of the initial conference between counsel to resolve the objection and the dates of all subsequent contacts regarding resolution of the objection;
   b. A precise and separate statement of each factual and legal issue that must be determined to resolve the objection;
   c. Proposed discovery and/or briefing schedules and proposals for alternative dispute resolution;
   d. For continued hearings, developments since the last hearing and the current status.

4. **Sanctions**: Failure of a party to comply timely with this order may result in the exclusion of evidence, the imposition of monetary or non-monetary sanctions, possible dismissal of the case, or striking of the objection to confirmation.

**IT IS SO ORDERED:**

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

CHARLES NOVACK
UNITED STATES BANKRUPTCY JUDGE

STEPHEN L. JOHNSON
UNITED STATES BANKRUPTCY JUDGE

(Rev. 10/18/10)