```
James J. Gold  SBN 80100 Norma L
Hammes  SBN 80149 Jessica A.
Begeman  SBN 264853 Gold and
Hammes, Attorneys 1570 The
Alameda #223
San Jose CA 95126
ph (408) 297-8750
fax (408) 297-1189
email: office@goldandhammes.com
```

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                              Chapter 13
                                                    Case No. 15-53679 SLJ
DAVID LEE DUREN
                                                    Hearing Date: September 12, 2018
                                                    Hearing Time: 2:30 p.m.
                                                    Judge: Johnson

                                                    MOTION TO APPROVE LOAN MODIFI-
                                                    CATION
                                                    Creditor: US Bank Trust re SCIG Series III Trust
Debtor
_____/

      The Debtor hereby moves this Court for an order approving a loan modification entered into between the Debtor herein and __US Bank Trust re SCIG Series III Trust__, (hereinafter "Creditor"), as follows:

      1.    The Debtor commenced this case on __11/20/2015__, and the proposed plan has subsequently been confirmed.

      2.    Listed on the Debtor's Schedule A filed herein is the Debtor's real property commonly known as __138 Llewellyn Ave, Campbell CA 95008__ (hereinafter "property").

      3.    Creditor has a claim secured by a consensual lien in the form of a deed of trust encumbering said property, which was recorded on __11/15/2007__, in the Official Records of __Santa Clara__ County as Document No. __19653013__.

      4.    In the event that Creditor was not the original lender, Creditor asserts that all rights, title, and interest in the loan were subsequently transferred to Creditor by the original lender in a legally enforceable manner or that Creditor is a legally appointed servicer, with authority to

MOTION TO APPROVE LOAN MODIFICATION    15-53679 SLJ    Page 1

Case: 15-53679   Doc# 44   Filed: 08/08/18   Entered: 08/08/18 11:30:46   Page 1 of 7

modify said loan.

5. Creditor and Debtor have agreed to modify the loan as provided in the agreement attached hereto as Exhibit A.

6. Debtor relies on Creditor's representations regarding its rights, title, and interest in said loan. Debtor further relies on Creditor's representations that the new principal amount of the loan set forth in said loan modification reflects the addition of past-due loan payments, fees, and costs, all of which are enforceable under bankruptcy and non-bankruptcy law, including applicable federal and state administrative law. Debtor also relies on Creditor's representations that the new loan payments, as modified, have been properly calculated based upon the interest rate(s) provided in the modification.

7. Court approval of said loan modification is in the best interests of the Debtor and the Debtor's bankruptcy estate and creditors, since it will enhance the likelihood of success of the Chapter 13 case.

WHEREFORE, Debtor respectfully requests that this Court order that:

1. The loan modification agreed to by Debtor and Creditors and attached hereto as Exhibit A be approved;

2. Any original lender, predecessor, successor, agent, or assign of Creditor or the original lender shall be bound by the terms of the loan modification;

3. The terms of the loan modification shall supersede the terms of the prior loan and shall supersede any conflicting terms of the confirmed Chapter 13 plan;

4. The Chapter 13 Trustee shall cease disbursements on Creditor's claim for arrears on account of said loan (and any arrears claim by any original lender, predecessor, successor, agent, or assign), and said arrears claim shall be considered fully satisfied; and

5. The Debtor be granted such other relief as is just and proper.

Respectfully Submitted,

Dated: 8-3-2018

JAMES J. GOLD
Attorney for Debtor

Prepared By & Return To:
FAY SERVICING, LLC
MODIFICATION PROCESSING
DEPARTMENT
440 S. LASALLE ST., STE. 2000
CHICAGO, IL 60605


Fay Servicing, LLC Loan No.: 144906

———————————————[Space Above This Line For Recording Data]———————————————

# LOAN MODIFICATION AGREEMENT
# (Providing for Fixed Interest Rate)

Borrowers ("Borrower"): DAVID DUREN AND GINA DUREN
Lender ("Lender"): US BANK TRUST N.A., AS TRUSTEE OF THE SCIG SERIES III TRUST
Date of first lien Security Instrument ("Security Instrument") and Note ("Note"): November 5, 2007
Property Address ("Property"): 138 LLEWELLYN AVE, CAMPBELL, CA 95008

This Loan Modification Agreement (the "Agreement"), amends and supplements the Security Instrument and Timely Payment Rewards Rider if any and the Note, bearing the same date as, and secured by the Security Instrument which covers the Property. Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

## RECITALS

WHEREAS, Borrower is prepared to make a principal payment of $0.00 and desires a modification of the Loan Documents, as set forth herein; and

WHEREAS, Lender has agreed to modify the Loan Documents in accordance with the terms and conditions set forth in this Agreement upon receipt of $0.00 from Borrower; and

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated herein by this reference, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Lender and Borrower agree as follows.

---

Loan Modification Agreement
Proprietary W3078B                                    Page 1 of 7                                    49883MU 01/16



## EXHIBIT A

Case: 15-53679    Doc# 44    Filed: 08/08/18    Entered: 08/08/18 11:30:46    Page 3 of 7

## COVENANTS AND CONDITIONS

1. This Agreement shall become effective and binding upon Lender's receipt and acceptance of:

   a. This Agreement, properly executed by Borrower, no later than **December 27, 2017**.

   b. An ACH payment, certified check, money order, or personal check made payable to **Fay Servicing, LLC** in the amount of **$0.00** no later than **N/A** (the "Good Faith Payment").

2. If the preconditions to the modification set forth in Section 1 have been met, Lender shall modify the Loan Documents as follows:

   a. As of **January 1, 2018**, the amount payable under the Note and the Security Instrument will be reduced by **$0.00**. Thereafter, the remaining unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized will be **$788,561.96** (the "New Principal Balance").

   b. Lender will amortize **$788,561.96** of the New Principal Balance (the "Amortized Principal Balance") and defer the remaining **$0.00** of the New Principal Balance until the Maturity Date (the "Deferred Principal Balance").

   c. On **December 1, 2037** (the "Maturity Date"), Borrower promises to pay **$566,567.30** (the "Balloon Payment") and **$0.00** (the "Deferred Principal Balance") to the order of Lender. If on the Maturity Date, Borrower still owes any amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. Borrower promises to pay the Amortized Principal Balance, plus Interest, together with all payments of taxes, insurance premiums, assessments, impounds, and all other related payments (the "Escrowed Funds") to the order of Lender, beginning on **January 1, 2018**, and continuing thereafter on the first day of each succeeding month until the Amortized Principal Balance and Interest are paid in full. Interest will begin to accrue on the Amortized Principal Balance at the yearly rate of **5.750%**, beginning on **December 1, 2017**. The monthly payment will be **$4,273.39** for Principal and Interest, plus **$309.17** for Escrow for a total monthly payment of **$4,582.56**. Please note, however, that the amount of Borrower's Escrow payment may be adjusted periodically in accordance with applicable law and, therefore, the total monthly payment may change accordingly.

4. Lender promises to maintain Borrower's Escrowed Funds in a separately managed account and to pay Borrower's related expenses with Borrower's Escrowed Funds. Lender hereby revokes any waiver as to payment of Borrower's Escrow related expenses.

5. If all of any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred)



without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Loan Documents. Borrower will continue to be obligated under the Loan Documents unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with the Loan Documents. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

6. Borrower promises to comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date of this Agreement:

    a. All terms and provisions of the Loan Documents (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in the Timely Payment Rewards Addendum to Note and Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

    b. All terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Loan Documents and that contains any such terms and provisions as those referred to in (a) above.

7. Borrower understands and agrees that:

    a. If Borrower fails to fulfill the preconditions to the modification set forth in Section 1, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided under the Loan Documents.



b. All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

c. All covenants, agreements, stipulations, and conditions in the Loan Documents shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Loan Documents shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Loan Documents, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Loan Documents are expressly reserved by Lender.

d. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Loan Documents.

e. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

f. Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement and in any Rider attached hereto and executed by Borrower simultaneously herewith.


Case: 15-53679    Doc# 44    Filed: 08/08/18    Entered: 08/08/18 11:30:46    Page 6 of 7

_____ (Seal)
DAVID DUREN                    -Borrower
                               [Printed Name]

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California §
County of Santa Clara §
§

On 1/16/18 before me, A. Boozer, Notary Public personally appeared **DAVID DUREN**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public
A. Boozer
Printed Name

(Seal)    My Commission Expires: 1-10-20

**A. BOOZER**
COMM. # 2139893
NOTARY PUBLIC • CALIFORNIA
SANTA CLARA COUNTY
MY COMM. EXP. JANUARY 10, 2020

Loan Modification Agreement
Proprietary W3078B                Page 5 of 7                49883MU 01/16

*144906*