In re:                                          Case No. 18-41099WJL

**Marc and Dena Protenic**                      Chapter 11

AMENDED

[PROPOSED] COMBINED PLAN OF REORGANIZATION
AND [APPROVED] [TENTATIVELY APPROVED] DISCLOSURE STATEMENT
1/14/2019

## INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization
and Disclosure Statement (the Plan).  The Plan identifies each
known creditor by name and describes how each claim will be
treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured
claims; Part 2 contains the treatment of general unsecured
creditors: **5% of their allowed** in monthly payments over **49
months**.  Taxes and other priority claims would be paid in full,
as shown in Part 3.

Most creditors (those in impaired classes) are entitled to
vote on confirmation of the Plan.  Completed ballots must be
received by Debtor's counsel, and objections to confirmation must
be filed and served, no later than [date].  The court will hold a
hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial
information that may help you decide how to vote and whether to
object to confirmation.  Exhibit 1 includes background
information regarding Debtor and the events that led to the
filing of the bankruptcy petition and describes significant
events that have occurred during this Chapter 11 case.  Exhibit 2
contains an analysis of how much creditors would likely receive
in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly
income and expenses.  Exhibit 4 describes how much Debtor is
required to pay on the effective date of the plan.  Exhibit 5
shows Debtor's monthly income and expenses related to each
investment property.

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 1 of 21

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Debtor to Make Regular Payments and Pay Arrears Over Time.**
[select one form of table and delete the other]

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|-------|------------------|------------|-------------------------|-------------------|--------------------------|----------------------------|
|       | NONE             |            |                         |                   |                          |                            |
|       |                  |            |                         |                   |                          |                            |

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in [number] equal monthly payments, due the [number] day of the month, starting [month & year] on the above secured claims. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Creditors in these classes shall retain their interest in the collateral until paid in full.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are**

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012                    -2-                    (Version: 7/30/12)

**impaired and entitled to vote on confirmation of the Plan.**

**Debtor to Strip Lien to Value of Collateral and Pay Over Time.**

[select one form of table and delete the other]

| Class | Name of Creditor | Collateral | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| | NONE | | | | |
| | | | | | |

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

[select one form of table and delete the other]

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1 | IRS | Personal Property | 7,065.66 | 5% CURRENT RATE IRS | 159.72 | 49 Months |
| | | | | | | |

Debtor will pay the entire amount contractually due with interest through 49 equal monthly payments, due the 1st day of the month, starting Effective Date on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

///

///

///

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012                    -3-                    (Version: 7/30/12)

**Property to be Sold.**

| Class | Name of Creditor | Collateral | Value of Collateral | Monthly Payment |
|---|---|---|---|---|
| | NONE | | | |
| | | | | |

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**
**Class 2(a).  Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|---|---|---|
| NONE | | |
| | | |
| | | |

**Class 2(b). [Other] General Unsecured Claims.**

| Name of Creditor | POC # | Sch F Amount | POC Filed Amount | Disputed (Y/N) | Allowed Amount | Total Amount to be Paid | Monthly Payment 5% |
|---|---|---|---|---|---|---|---|
| 04 Contra Costa County | | 1,628.00 | 0.00 | N | 1,628.00 | 81.40 | 1.66 |
| ALLIANCEONE | | 1,628.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| ALLIANCEONE RECEIVABLE | | 1,516.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Bk Of Amer | | 37,730.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Bk Of Amer | | 18,803.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Bmby/cbna | | 100.00 | 0.00 | N | 100.00 | 5.00 | 0.10 |
| Bosco Credit LLC | POC # 3 | 151,209.42 | 254,142.69 | Y | 254,142.69 | 12,707.13 | 259.33 |
| Bridgeport Financial | | 1,000.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Cal State Emp Cr Un 9 | | 125,000.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Calif Emergency | | 1,115.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| CHASE RECEIVABLES | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Citibank | | 1,813.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Contra Costa County | | 300.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Contra Costa County | | 921.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Contra Costa County | | 1,516.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |

Case: 18-41099    Doc# 52    Filed: 01/14/19    Entered: 01/14/19 12:28:51    Page 4 of 21

| Creditor | POC | Amount | Amount | Y/N | Amount | Amount | Amount |
|---|---|---|---|---|---|---|---|
| CREDIT BUREAU ASSOCIAT | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Creditors Bureau USA | | 330.00 | 0.00 | N | 330.00 | 16.50 | 0.34 |
| Esb/harley Davidson Cr | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Ford Cred | | 495.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Franchise Tax Board | POC # 2 | 30,000.00 | 13,661.04 | Y | 13,661.04 | 683.05 | 13.94 |
| Franklin Credit Mngmnt | | 0.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Gary Fong DDS | | 966.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Hsbc/bsbuy | | 2,280.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Internal Revenue Service | POC # 1 | 95,000.00 | 58,132.52 | Y | 58,132.52 | 2,906.63 | 59.32 |
| John Muir Health wal | | 168.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Health Wal | | 100.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Physician | | 130.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Physician | | 233.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Physician | | 43.00 | 0.00 | N | 43.00 | 2.15 | 0.04 |
| John Muir Physician | | 54.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Physician | | 54.00 | 0.00 | N | 54.00 | 2.70 | 0.06 |
| John Muir Physician | | 54.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| John Muir Physician | | 260.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Lee Chiropractic | | 130.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| LVNV Funding for Citibank | POC # 4 | | 29,325.78 | | 29,325.78 | 1,466.29 | 29.92 |
| LVNV Funding for Citibank | POC # 6 | | 1,984.37 | | 1,984.37 | 99.22 | 2.02 |
| Linda Markel | | 5,000.00 | 0.00 | N | 5000.00 | 250.00 | 5.10 |
| Mark S Nadler Dmd | | 3,537.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Med 02 Calif Emerge | | 169.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Michael Strauss | | 12,000.00 | 0.00 | N | 12,000.00 | 600.00 | 12.24 |
| Mohela/Dept of Ed | | 28,547.00 | 0.00 | N | 28,547.00 | 1,427.35 | 29.13 |
| Mohela/Dept of Ed | | 27,104.00 | 0.00 | N | 27,104.00 | 1355.20 | 27.66 |
| Oakridge at Greystone Ranch Assn | | 0.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| PINNACLE CREDIT SERVIC | POC # 5 | 1,813.00 | 1,268.03 | N | 1,268.03 | 63.40 | 1.29 |
| Rash Curtis & Associates | | 1,654.00 | 0.00 | N | 1,654.00 | 82.70 | 1.69 |
| Rash Curtis & Associates | | 1,300.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Raymond Hoyt | | 6,200.00 | 0.00 | N | 6,200.00 | 310.00 | 6.33 |
| Safeamerica FCU | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 5 of 21

| Creditor | | | | | | | |
|---|---|---|---|---|---|---|---|
| Safeamerica Federal | | 0.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Sears/cbna | | 1,984.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Stanislaus Credit Control Service, Inc. | | 1,115.00 | 0.00 | N | 1,115.00 | 55.75 | 1.14 |
| Syncb/discount Tire | | 2,800.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Synchrony Bank/Discount Tire | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Technology Credit Unio | | 8,954.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Thd/cbna | | 1,268.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| TROJAN PROFESSIONAL SE | | 3,537.00 | 0.00 | N | 3,537.00 | 176.85 | 3.61 |
| TRUE NORTH AR | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Ucsf Predoctoral Cln | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Universal /Citi | | 5,329.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| USAA Savings Bank | | 13,703.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Verizon Wireless | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| Wachrl | | 12,000.00 | 0.00 | Y | 0.00 | 0.00 | 0.00 |
| Wf Crd Svc | | 7,230.00 | 0.00 | N | 7,230.00 | 361.50 | 7.38 |
| Wfhm | | 0.00 | 0.00 | N | 0.00 | 0.00 | 0.00 |
| **TOTAL** | | 619,820.42 | 358,514.43 | | 453,056.43 | 22,652.82 | 462.30 |

[All known non-priority unsecured creditors, including deficiency claims, and rejection claims, whether scheduled or based on proofs of claim on file excluding those listed in Class 2(a), must be listed in the above table.]

**NOTE:Additional disclosures**
**An Objection to Claim Number 3 by Claimant Bosco Credit LLC was filed on 10/25/2018.Bosco credit responded to one part of the Objection and conceded that the claim was not secured by property of the estate -therefore it was an unsecured claim. Debtors, had additionally claimed that the Claim was null and void under California law. This aspect was not responded to by Creditor Bosco, and was claimed to be an oversight. The Court allowed the Creditor to respond. At the hearing held on January 9, 2019, Bosco filed a response, Debtor filed a Reply and the Court ruled that under claim preclusion that the debt was an unsecured debt in the amount listed in the POC. Bosco credit was to submit an order indicating so.**

Allowed claims of general unsecured creditors [not treated as small claims] (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 6 of 21

**Percent Plan. Creditors will receive 5 percent of their allowed claim in 49 equal monthly installments**, due on the 1st day of the month, starting Effective Date.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a)  Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Mufthiha Sabaratnam Esq | EST $45,000.00 |

The following professionals have agreed to accept payment over time as follows.  Payments will be made [monthly/ quarterly], due on the [number] day of the [month/quarter], starting [month & year] or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| Mufthiha Sabaratnam | $45000 | $35,000 on date of signing the order | Balance over ten months $1000 per month starting on the Effective Date |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b)  Other Administrative Claims.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 7 of 21

below).  All fees payable to the United States Trustee as of
confirmation will be paid on the Effective Date; post-
confirmation fees to the United States Trustee will be paid when
due.

Administrative Creditors may not take any collection action
against Debtor so long as Debtor is not in material default under
the Plan (defined in Part 6(c)).  **Administrative claimants are
not entitled to vote on confirmation of the Plan.**
(c)  Tax Claims.  Debtor will pay allowed claims entitled to
priority under section 507(a)(8) in full over time with interest
(at the non-bankruptcy statutory interest rate) in equal
amortizing payments in accordance with section 511 of the
Bankruptcy Code.  Payments will be made [monthly/quarterly], due
on the [number] day of the [month/quarter], starting [month &
year].  To the extent amounts owed are determined to be other
than as shown below, appropriate adjustments will be made in the
number of payments.

Priority tax creditors may not take any collection action
against Debtor so long as Debtor is not in material default under
the Plan (defined in Part 6(c)).  **Priority tax claimants are not
entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| IRS | $177,086.89 | 5% | $4002.99 | 49 |
| FTB | $14,643.93 | 5% | $331.02 | 49 |

**PART 4:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
(a)  Executory Contracts/Unexpired Leases Assumed.  Debtor assumes
the following executory contracts and/or unexpired leases upon
confirmation of this Plan and will perform all pre-confirmation
and post-confirmation obligations thereunder.  Post-confirmation
obligations will be paid as they come due.  Pre-confirmation
arrears will be paid [select one] [in full on the Effective Date]
in [number] equal [monthly/quarterly] installments beginning on
the first day of [month & year].

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012                        -8-                  (Version: 7/30/12)

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| John Lopes | Residential Lease | 0 | $3900 | Term of Lease |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| NONE | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed Rejected.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) <u>Discharge</u>. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a)  Creditor Action Restrained.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b)  Obligations to Each Class Separate.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c)  Material Default Defined.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d)  Remedies Upon Material Default.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.
///

///

///

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 10 of
21

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.
(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 11 of
21

reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>.
    Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|--------------|-----------------|-----------------|-----------------------------------|
| NONE  |              |                 |                 |                                   |
|       |              |                 |                 |                                   |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:


Marc S. Protenic
Dena J. Protenic
110 Sienna Place
Danville, CA 94506


///

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012                    -12-                    (Version: 7/30/12)

(h)  Post-Confirmation United States Trustee Fees.  Following
confirmation, Debtor shall continue to pay quarterly fees to the
United States Trustee to the extent, and in the amounts, required
by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make
these payments, Debtor shall file with the court quarterly
reports in the form specified by the United States Trustee for
that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed
secured claim can make a timely election under section 1111(b) no
later than 14 days before the first date set for the hearing on
confirmation of the Plan.


Dated:_____


                                   *see signatures on next page*___
                                   Debtor

                                   _____
                                   Debtor

                                   _____
                                   Attorney for Debtor

(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: 1-13-19

1/14/2019

_____
Debtor

_____
Debtor

_____
Attorney for Debtor

Individual Chapter 11
Combined Plan & Disclosure Statement
July 30, 2012                    -13-                    (Version: 7/30/12)

**Attorney Certification**

I, Mufthiha Sabaratnam, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.
NOTE: Additional Disclosures were added to
**An Objection to Claim Number 3 by Claimant Bosco Credit LLC was filed on 10/25/2018.Bosco credit responded to one part of the Objection and conceded that the claim was not secured by property of the estate -therefore it was an unsecured claim. Debtors, had additionally claimed that the Claim was null and void under California law. This aspect was not responded to by Creditor Bosco, and was claimed to be an oversight. The Court allowed the Creditor to respond. At the hearing held on January 9, 2019, Bosco filed a response, Debtor filed a Reply and the Court ruled that under claim preclusion that the debt was an unsecured debt in the amount listed in the POC. Bosco credit was to submit an order indicating so.**

I declare that the foregoing is true and correct.  Executed this 1/14/2019.

/s/ Mufthiha Sabaratnam
Attorney for Debtor(s)

(Version: 7/30/12)

**Exhibit 1 - Events That Led To Bankruptcy**

Debtor, Marc Protenic was the sole wage-earner in this case. Marc is a licensed insurance Agent working with HealthMarkets Insurance Agency. He is an independent contractor and has been an agent with this establishment for the last ten years. While the business has been fairly steady, the payments to the agents are not received when the sale is made and the lag time could vary from a month to even as long as a year. Having to support two children in the last four years, on this pay-out schedule has been a struggle. He was unable to pay his tax liabilities and other debt and filed for protection under Chapter 13 in 2014 (case number 14-43598). After confirming a Plan Debtor continued to make the Plan payments and during the 3rd quarter of 2017, the lag time was so long that he was unable to make the current plan payments and the case was dismissed. The tax debt after dismissal almost doubled in amount, (due to penalties accrued that were added back), and he had to file under Chapter 11.

He has used the last seven (7) months between the first case and refiling under Chapter 11 to add some other insurance products which paid out on a much regular basis. He also recruited his spouse into HealthMarkets, so starting July of 2018 she will contribute to the cash flow.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: NONE

| Fair Market Value | Liens | | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| | 1st | | | | | |
| | 2nd | | | | | |
| | 3rd | | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash –As of 10/31/2018 from MOR | 8,427.00 | 7,065.66 | 0.00 | 1,361.34 |
| Automobile #1 | 2,000.00 | 0.00 | 2,000.00 | 0.00 |
| Automobile #2 | 3,000.00 | 0.00 | 3,000.00 | 0.00 |
| Household Furnishings | 1,000.00 | 0.00 | 1,000.00 | 0.00 |
| Jewelry | 500.00 | 0.00 | 500.00 | 0.00 |
| Equipment | 0.00 | 0.00 | 0.00 | 0.00 |
| Stocks / Investments | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Personal Property | 600.00 | 0.00 | 600.00 | 0.00 |
| TOTAL | | | | |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | 1,361.34 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | 0.00 |
| Chapter 7 Administrative Claims [SUBTRACT] | |
| Chapter 11 Administrative Claims [SUBTRACT] | 45,000.00 |
| Priority Claims [SUBTRACT] | 191,730.82 |
| Chapter 7 Trustee Fees [SUBTRACT] | 2,302.00 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | UNK |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 0.00 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | 420,879.43 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 5% |

Case: 18-41099    Doc# 52    Filed: 01/14/19    Entered: 01/14/19 12:28:51    Page 17 of 21

| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0% |
|---|---|

## Exhibit 3 - Monthly Income and Expenses

| Income | Amount |
|---|---|
| Gross Employment Income | |
| Gross Business Income | |
| OTHER INCOME - Commission Income | 19,898.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 0.00 |
| **A. Total Monthly Income** | 19,898.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Auto | 1108.00 |
| Bank Service Charges | 10.00 |
| Cable TV | 171.00 |
| Children's Education | 498.00 |
| Clothing | 499.00 |
| Computer and Internet | 52.00 |
| Food | 1384.00 |
| Insurance | 1897.00 |
| Laundry | 44.00 |
| Meals and Client Entertainment | 329.00 |
| Medical | 406.00 |
| Miscellaneous | 2231.00 |
| Office Supplies | 22.00 |
| Personal Expense | 62.00 |
| Rent | 3900.00 |
| Repairs and Maintenance | 479.00 |
| Telephone | 337.00 |
| Travel | 196.00 |
| Utilities | 229.00 |
| Other Expenses | 0.00 |

Case: 18-41099    Doc# 52    Filed: 01/14/19    Entered: 01/14/19 12:28:51    Page 18 of 21

| | |
|---|---|
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | 0.00 |
| **B. Total Monthly Expenses** | 13854.00 |

| | |
|---|---|
| **C. Disposable Income** (Line A - Line B) | 6044.00 |

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | 4334.01 |
| General Unsecured Creditors | 462.30 |
| IRS Secured Claim | 159.72 |
| **D. Total Plan Payments** | 4956.03 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | 1087.97 |

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---:|---:|
| A. Projected Total Cash on Hand on Effective Date | | 22967.00 |
| Payments on Effective Date | | |
| Attorney Fee | | |
| IRS Secured Claim | 159.72 | |
| Priority Claims | 4334.01 | |
| General Unsecured Claims | 462.30 | |
| U.S. Trustee Fees | | |
| B. Total Payments on Effective Date | | 4956.03 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | 18010.97 |

Case: 18-41099   Doc# 52   Filed: 01/14/19   Entered: 01/14/19 12:28:51   Page 20 of 21

**Exhibit 5 - Investment Property Analysis**


**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income:NONE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | 0.00 |
| | 2nd | | | | |
| | 3rd | | | | |


| A. Total Positive Cash Flow | 0.00 |
|---|---|


**Properties with Negative Monthly Cash-Flow:**

Real Property #3 Income: NONE

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| | 1st | | | | 0.00 |
| | 2nd | | | | |
| | 3rd | | | | |


| B. Total Negative Cash Flow | 0.00 |
|---|---|

Case: 18-41099    Doc# 52    Filed: 01/14/19    Entered: 01/14/19 12:28:51    Page 21 of 21