Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

Attorneys for Creditors
Mandorser 1402 Arguello St. Trust,
DA Chen, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROSS REALTY GROUP, LLC<br><br>    Debtor. | Case No. 18-50774 MEH<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR ORDER APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS**<br>(1402 Arguello Ct., Redwood City, CA)<br><br>**Date:** July 27, 2018<br>**Time:** 10:30 am.<br>**Place:** 280 South First St., Ctrm. 3020<br>         San Jose, CA 95113 |

Mandoser 1402 Arguello Street Trust ("Mandoser") and Da Chen, Inc. ("Da Chen") oppose the Debtor's Motion for Order Approving the Sale of Real Property Free and Clear of Liens (the "Motion").

## SUMMARY OF ARGUMENT

The Motion asks this Court to approve the sale of 1402 Arguello St., Redwood City, Redwood City, California (the "Property") for a price of $1,100,000. Debtor requests that the sale be free and clear of the Mandoser and Da Chen liens, which are secured by second and third deeds of trust on the Property. The Motion seeks to pay the holder of first deed of trust

OPP TO MOT. TO SELL

and the holder of the fourth deed of trust, outstanding property taxes, and costs of sale. While the Motion proposes that the Mandoser and Da Chen lien would attach to the proceeds to the same extent, validity and priority as existed as of the date of the filing of the bankruptcy, an estimate of the sales proceeds suggests that the proceeds will be less than the amount owed to Mandoser and Da Chen. Given the intent to pay in full a lienholder (identified as Igor Dralyuk) with a position junior to Mandoser and Da Chen, the notion that the Mandoser and Da Chen liens will retain their respective priority is illusory. If there are not sufficient proceeds to pay the disputed liens in full, the funds will be gone and Mandoser and Da Chen will be prejudiced. Oddly, given the shortage of funds, the Motion does not provide for an overbid situation. Accordingly, Mandoser and Da Chen oppose the Motion unless it is modified to guarantee that proceeds sufficient to cover their liens in full, if allowed, are set aside.

## LEGAL ARGUMENT

The Motion seeks approval of the sale pursuant to Bankruptcy Code Section 363(f)(4), which provides that a sale may be free and clear of an interest if the interest is in bona fide dispute. Noticeably, the Motion does not seek approval under Section 363(f)(3), which would require adequate proceeds to cover the two liens. In order to find a bona fide dispute exists that would warrant a sale free and clear of a lien, the court must decide whether there is an objective basis for either a factual or legal dispute as to the validity of the lien claim. *In re Vortex Fishing Systems, Inc.*, 277 F.3d 1057 (9th Cir. 2002). *See, Platinum Fin. Servs. Corp v. Byrd (In re Byrd)*, 357 F.3d 433 (4th Cir. 2004).

Turning to the Motion, the only evidence relating to the Mandoser and Da Chen liens is found in the Declaration of Zachary Ross. Mr. Ross asserts that he disputes the Mandoser loan "because the second lien holder did not lend to the Movant the sum of $100,000 at the time the Movant purchased the Real Property, and is only owed approximately $28,000." Mr. Ross claims there is no documentary evidence to support the contention that Mandoser is owed $100,000. The Ross declaration does not support the finding of a bona fide dispute as to Mandoser. Mr. Ross does not submit the promissory note Debtor signed in favor of Mandoser or explain how Mandoser came to have a deed of trust in the first place. Plenty of documentary

evidence is submitted with the Declaration of Asheesh Barman (the "Barman Dec.") filed along with this opposition. The Barman Dec provides the signed note for $100,000 (see Exhibit A). The Barman Dec includes the statement from the title company reflecting the $100,000 obligation (see Exhibit B). The Barman Dec provides additional documentary evidence of distributions made from the Mandoser loan and sets forth a calculation that Mandoser is owed at minimum $102,403.35. Given the overwhelming support included with the Barman Dec and the absence of any basis for Mr. Ross' opinion, Debtor cannot satisfy the bona fide dispute requirement of Section 363(f)(4).

With respect to the Da Chen lien claim, Mr. Ross again falls back on the "no documentary evidence" formulation. He fails, however, to explain that Debtor signed a note in favor of Da Chen and provided Da Chen with a deed of trust. As explained in the Barman Dec, there was a promissory note and an addendum to it, which establish an indebtedness to Da Chen of at least $10,000 and perhaps up to $50,000.

While Mandoser and Da Chen would not oppose a sale that resulted in sufficient funds being set aside to cover their claims, the current proposed sale does not appear to do so. The Motion and supporting declaration are vague on details, but based on what little information is provided, there will not be sufficient funds to cover the Mandoser and Da Chen obligations. While the Ross declaration notes that the Debtor is not paying a broker commission, the proposed buyer has a broker and a commission (not disclosed in the Motion) will be paid. Moreover, the Ross declaration is vague as to the amount of the first deed of trust. Taking the proposed sales price of $1,100,000 and deducting the costs of sale and encumbrances Debtor wants to pay, results in proceeds of approximately $88,500 calculated as follows:

| Sales price | $1,100,000 |
|---|---|
| Amount of first deed – approximate | $720,000 |
| Amount of fourth deed – approximate | $215,000 |
| Property taxes – approximate | $6,500 |
| Costs of sale – estimated | $70,000 |

| | |
|---|---|
| Amount remaining | $88,500 |

The amount remaining may be less depending on what is actually owed to the first deed holder, the fourth deed holder and the Property Tax Assessor. The costs of sale may be less than estimated. In any event, the remaining proceeds will be less than is owed Mandoser and there would be nothing left for Da Chen. Meanwhile a junior deed holder would be paid in full and the funds from which Mandoser and Da Chen could be satisfied in full will be gone. Finally, the Motion does not provide for an overbid scenario. Given that there are insufficient funds to pay all the indebtedness, Mandoser and Da Chen are puzzled as to why Debtor has not set up the sale with the typical overbid provisions. There is nothing in the Motion to explain the elimination of potential overbids.

## **CONCLUSION**

Based on the foregoing, Mandoser and Da Chen object to the sale proposed by the Motion. Debtor has not and cannot satisfy its burden under Section 363(f)(4). Granting the Motion would be detrimental to Mandoser's and Da Chen's interests and is not authorized by the Bankruptcy Code.

Date: April 13, 2018            FINESTONE HAYES LLP

By: /s/ Stephen D. Finestone
    Stephen D. Finestone
    Attorneys for Creditors