Kristin Zilbertsein, Esq., (SBN 232837)
Jennifer R. Bergh, Esq., (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. La Palma Ave. Ste. 206
Anaheim Hills, CA 92807
Ph: (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorneys for Movant,
US BANK TRUST NATIONAL ASSOCIATION,
AS TRUSTEE OF THE PRP II PALS
INVESTMENTS TRUST, its successors
and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 14-40875 |
| Wendy H. Mudzinski | CHAPTER 13 |
| Debtor. | REF.: MRG-1 |
| | **STIPULATION FOR ADEQUATE PROTECTION ORDER** |
| | DATE: January 12, 2018<br>TIME: 10:00 a.m.<br>CTRM: 215<br>PLACE: 1300 Clay Street<br>Oakland, CA 94612<br><br>Honorable Judge Charles Novak |

1
STIPULATION FOR ADEQUATE PROTECTION ORDER

Case: 14-40875    Doc# 64    Filed: 01/12/18    Entered: 01/12/18 09:29:08    Page 1 of 8

Secured creditor Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-12TT ("**Movant**"), by and through its attorney of record, The Law Offices of Michelle Ghidotti, by Kristin Zilberstein, Esq., and the debtor Wendy H. Mudzinski, (the "**Debtor**") by and through her attorney of record, E. Vincent Wood, enter into this Stipulation for Order for Adequate Protection based on the following facts:

## RECITALS

1. Debtor executed and delivered to Wachovia Mortgage Corporation a Note, dated July 28, 2005, with an original principal balance of $755,000.00 (the "**Note**").

2. Movant is the current owner of the Note and is in possession of the original Note.

3. Concurrently therewith, and as security for the Note, Debtor executed and delivered to Wachovia Mortgage Corporation, a Deed of Trust which was recorded in the Official Records of Alameda County, California as Document No. 2015277456 (the "**Deed of Trust**"), and which encumbers the Property.

4. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc., as Nominee for Wachovia Mortgage Corporation to Wachovia Bank, NA, recorded in the Official Records of Alameda County, California, on May 12, 2011, as Document No.: 2011144285 (the "**First Assignment**").

5. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust from Wells Fargo Bank, N.A., S/B/M Wachovia Bank, N.A., to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, Trustee for Stanwich Mortgage Loan Trust, Series 2013-2, recorded in the Official Records of Alameda County, California as Document No.: 201317611 (the "**Second Assignment**").

6. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust from Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as trustee for Stanwich Mortgage Loan Trust, Series 2013-2, to Stanwich Mortgage Acquisition

Company II, LLC, recorded in the Official Records of Alameda County, California as Document No.: 2015277456 (the "**Third Assignment**").

7. Thereafter all interests in the Deed of Trust were assigned by Assignment of Deed of Trust from Stanwich Mortgage Acquisition Company II, LLC, to US Bank Trust National Association, as Trustee of the PRP II PALS Investments Trust, recorded in the Official Records of Alameda County, California as Document No.: 2015277457 (the "**Fourth Assignment**").

8. Pursuant to the Deed of Trust, Movant is entitled to recover attorneys' fees and costs in connection with the matter herein.

9. Pursuant to the Deed of Trust, Movant is entitled to take the necessary steps to protect its security interest in the Property, including advancing taxes, insurance, foreclosure fees and costs and attorney's fees and costs and to assess the costs plus interest, to the balance due under the loan.

10. On August 25, 2017, Movant casued to be filed a Motion for Relief asserting that Debtor was post-petition due for the October 1, 2016 payment and all subsequent payments as follows:

| Payments Due | Payment Amount and # | Total |
| --- | --- | --- |
| 10/01/16 – 08/01/17 | 11 Payments @ $3,195.27 | $35,147.97 |
| Late Fees | | $125.32 |
| Escrow Shortage | | $2,976.35 |
| Suspense | | ($2,035.63) |
| Attorneys' Fees and Costs | | $1,031.00 |
| **Total** | | **$37,245.01** |

11. The unpaid principal balance as of the Petition date is no less than approximately $661,420.66.

12. As of January 11, 2018, the Debtor is due and owing for the February 1, 2017 payment and all subsequent payments as follows:

| | Payments Due | Payment Amount and # | Total |
|---|---|---|---|
| 1 | | | |
| 2 | 02/01/17-09/01/17 | 8 Payments @ $3,195.27 | $25,562.16 |
| 3 | 10/01/17-01/01/18 | 4 Payments @ $3,300.08 | $13,200.32 |
| 4 | Late Fees | | $125.32 |
| 5 | Escrow Shortage | | $2,976.35 |
| 6 | Suspense | | ($2,035.63) |
| 7 | Attorneys' Fees and Costs | | $1,031.00 |
| 8 | **Total Default** | | **$40,859.52** |

2. Based upon the foregoing facts, Movant and Debtor stipulate as follows:

### STIPULATION

A. Debtor shall cure the post-petition arrearage in the amount of $40,859.52 calculated through 01/11/18, over the course of the next twelve (12) months by making the following payments:

    February 15, 2018-January 15, 2019    12 Payments @ $3,404.96 each

B. The Debtor will make her February 1, 2018, payment, and all payments going forward in the amount of $3,300.08 (or as may be adjusted pursuant to the terms of the Note and Deed of Trust) continuing on the first day of each month thereafter within the grace period until the indebtedness is paid in full or a Court Order is entered to the contrary.

C. In addition to maintaining his mortgage payments, the Debtor shall be required to maintain all plan payments to the Chapter 13 Trustee.

D. Debtor must also maintain current insurance coverage on the Property and must remain current on all post-petition taxes where applicable.

E. Upon any default in the terms and conditions set forth in paragraphs A through D of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor's attorney of record, if any, sent by U.S. Mail and Electronic Mail. Movant must also serve written notice of default to the Debtor and Co-borrower by U.S. Mail. If the Debtor fails to cure the default within 10 days after service of such written notice Movant may file
4

and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing.

  F. Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, The Debtor shall be entitled to a Maximum of <u>two</u> Notices of Default and Opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted two times on the obligations imposed by this order and has been served with three Notices of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

  G. Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.

  H. Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

  I. This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

  J. If Movant obtains relief from stay based on the Debtor's default under this Adequate Protection Agreement, the order granting relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

  K. If relief from stay is granted by virtue of default, the requirements of Bankruptcy

Rule 3002.1 shall be hereby waived.

    L. In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtor.

Approved as to Form and Content:

Dated: January 12, 2018      THE LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin Zilberstein, Esq.
Kristin Zilberstein, Esq.,
Attorney for US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST

Dated: January 12, 2018      Law Offices of E. Vincent Wood

E. Vincent Wood, Esq.
Attorney for Debtor, Wendy H Mudzinski

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 232837)
Jennifer R. Bergh, Esq. (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
5120 E. LaPalma Ave., Suite 206
Anaheim, CA 92807
Ph:  (949) 354-2601
Fax: (949) 200-4381
mghidotti@ghidottilaw.com

Attorneys for Movant, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST, its successors and assigns

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In Re: | CASE NO.:  14-40875 |
| Wendy H. Mudzinski, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 5120 E. LaPalma Ave., Ste. 206, Anaheim, CA 92807.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1
CERTIFICATE OF SERVICE

Case: 14-40875    Doc# 64    Filed: 01/12/18    Entered: 01/12/18 09:29:08    Page 7 of 8

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On January 12, 2018 I served the following documents described as:

- **STIPULATION FOR ADEQUATE PROTECTION**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Wendy Mudzinski<br>2748 Shellgate Cir<br>Hayward CA 94545<br><br>**Debtor's Counsel**<br>E. Vincent Wood<br>Law Offices of E. Vincent Wood<br>1501 N. Broadway #261<br>Walnut Creek, CA 94596 | **Chapter 13 Trustee**<br>Martha Bronitsky<br>PO Box 5004<br>Hayward, CA 94540<br><br>**U.S. Trustee**<br>Office of the U.S. Trustee<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05-0153<br>San Francisco, CA 94102<br><br>**Judge**<br>Judge Charles Novack<br>1300 Clay Street, Courtroom 215<br>Oakland, CA 94612 |
|---|---|

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 12, 2018 at Anaheim, California

/*s / Krystle Miller*
Krystle Miller

2
CERTIFICATE OF SERVICE

Case: 14-40875    Doc# 64    Filed: 01/12/18    Entered: 01/12/18 09:29:08    Page 8 of 8